UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

ADE BROWN, # 884273,                    )
                                        )
                    Plaintiff,          )    Case No. 1:16-cv-1117
                                        )
v.                                      )    Honorable Gordon J. Quist
                                        )
JESSICA PERRY, et al.,                  )
                                        )
                    Defendants.         )
—————————————————————)

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Bellamy Creek Correctional Facility.   Plaintiff named as defendants Warden Patrick (Tony) Trierweiler, Deputy Warden John Davids, Social Worker Christopher Ostrander, and six psychologists:  Jessica Perry, James Kissinger, Charlene Haraburda, Margaret Hickey, Marilynn Brown, and Carla Monestere.  Plaintiff alleges that defendants were deliberately indifferent to his serious psychological needs in violation of his Eighth Amendment rights.  He alleges that the mental health professionals failed to provide appropriate treatment and that the warden and deputy warden should not have approved his transfer to a higher security level prison.  Plaintiff sues defendants in their individual and official capacities and he seeks damages and injunctive relief.

The matter is before the Court on defendants' motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as

required by 42 U.S.C. § 1997e(a).  (ECF No. 34).  Plaintiff has filed his response.  (ECF No. 37, 45, 46).  For the reasons set forth herein, I recommend that defendants' motion for summary judgment (ECF No. 34) be granted in part and denied in part.  I recommend that the motion be denied on plaintiff's Eighth Amendment claim against Psychologist Marilyn Brown.  I recommend that the motion for summary judgment be granted as to all other defendants and that plaintiff's claims against those defendants be dismissed without prejudice.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of

evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant

on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

<u>**Standards Applicable to the Affirmative Defense<br>of Failure to Exhaust Remedies**</u>

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This

-4-

requirement is a strong one.  To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.  The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies.  The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims.  549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.  *Jones v. Bock*, 549 U.S. at 218-19.  In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion."  548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it

was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[1] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[1]A copy of the policy directive is found in the record. *See* ECF No. 35-2, PageID.237-43.

## Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) during the period at issue:  October 20, 2015, through March 2016.  All the defendants were employed at IBC during this period.

Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit.  (ECF No. 35-3, PageID.245-77).  Three grievances are related to plaintiff's claims and therefore warrant further discussion.

On October 21, 2015, ICF's Grievance coordinator received a grievance from plaintiff and assigned it Grievance No. IBC-2015-10-2830-28I.  (ECF No. 37-1, PageID.295).  In this grievance plaintiff stated that he had a "substantial disorder of thought and mood which significantly impair[ed his] judgment[,] behavior[, and] capacity to recognize reality[.]"  (*Id*.).  Plaintiff claimed that he was being denied services and expressed his desire for "outpatient treatment."  (ECF No. 37-1, PageID.295).  This grievance was rejected at Step I because plaintiff had not attempted to resolve the issue with staff before filing his grievance.  (ECF No. 42-2, PageID.343).  Plaintiff did not pursue Grievance No. IBC-2015-10-2830-28I through a Step III decision.  (ECF No. 35-3, PageID.245-48).

On November 10, 2015, IBC's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. IBC-2015-11-3027-12B1.  (ECF No. 35-3, PageID.258).  In this grievance, plaintiff complained that he was housed in segregation and that he was being denied mental health services for his problems.

(*Id.*).  Plaintiff's Grievance was denied at Step I.  Among other things, the Step I response noted that plaintiff had been seen and evaluated by qualified mental health professionals "on numerous occasions: 10/5/15, 10/6/15/, 10/8/15, 10/20/15, 11/5/15, and 11/18/15 to name a few."  (*Id.* at PageID.259).  Plaintiff's appeals to Steps II and III were denied.  (*Id.* at PageID.255-57).

On December 22, 2015, IBC's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. IBC-2015-12-3450-28C.  (ECF No. 37-1, PageID.296).  In this grievance, plaintiff complained that he was not getting responses to his healthcare kites.  Further, he expressed a desire for an outpatient visit to see a doctor because he was having trouble sleeping and was under a lot of stress.  He stated that he was feeling delusional.  Finally, plaintiff complained that "psycs" made statements such as "f___ ya you need to be in prison" and they were denying him proper mental health care.  (*Id.*).  This grievance was rejected by the grievance coordinator because it raised multiple issues.  (ECF No. 42-4, PageID.350).  Plaintiff did not pursue Grievance No. IBC-2015-12-3450-28C through a Step III decision.  (ECF No. 35-3, PageID.245-48).

### <u>Discussion</u>

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Woodford*, 548 U.S. at 85.  "[N]o unexhausted claim may be considered."  *Jones v. Bock*, 549 U.S. at 220.

Defendants concede that in Grievance No. IBC-15-11-3027-12B1, plaintiff

complained that as of November 8, 2015, the mental health professional that he had seen, had yet to provide him with appropriate services.  They state:  "It would appear that [plaintiff] has exhausted his grievance remedies regarding the mental health services up to November 8, 2015."  (Defendants' Brief at 7, ECF No. 35, PageID.232).  Plaintiff's Eighth Amendment claim against Psychologist Marilynn Brown is based on events that allegedly occurred on or before November 8, 2015.  (Am. Compl., ECF No. 8, PageID.42).  Accordingly, I recommend that defendants' motion for summary judgment be denied on plaintiff's claim against Psychologist Marilynn Brown.

Plaintiff did not properly exhaust any claim against any other defendant before he filed this lawsuit.  The two grievances that plaintiff filed but failed to pursue through a Step III decision did not properly exhaust any claim.  *See Hartsfield*, 199 F.3d at 309.  I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motion for summary judgment (ECF No. 34) be granted in part and denied in part.  I recommend that the motion be denied on plaintiff's Eighth Amendment claim against Psychologist Marilyn Brown.  I recommend that the motion for summary judgment be granted as to all other defendants and that plaintiff's claims against those defendants be dismissed without prejudice.

Dated: February 6, 2018                        /s/  Phillip J. Green
                                               PHILLIP J. GREEN
                                               United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).