# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ADE BROWN, #884278,

    Plaintiff,          Case No. 1:16-CV-1117

v.

                  HON. GORDON J. QUIST

JESSICA PERRY, et al.,

    Defendants.
             /

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

On February 6, 2018, Magistrate Judge Green issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies in part and deny it in part. In particular, the magistrate judge recommended that the Court deny the motion as to Plaintiff's Eighth Amendment claim against Defendant Brown and grant the motion as to all other Defendants and dismiss those claims without prejudice. (ECF No. 48 at PageID.373.)

In his R & R, the magistrate judge noted that Defendants' evidence, a Step III Grievance Report, showed that Plaintiff filed three grievances relating to his claims in this case before he filed the instant case, one on October 21, 2015 (Grievance No. IBC-2015-10-2830-28I), one on November 10, 2015 (Grievance No. IBC-2015-11-3027-12B1), and one on December 22, 2015 (Grievance No. IBC-2015-12-3450-28C). The magistrate judge found that the October 21, 2015, grievance was rejected at Step I because Plaintiff had not attempted to resolve the issue with staff before he filed the grievance, and Plaintiff did not appeal that grievance through Step III. (*Id.* at PageID.378.) As for the November 10, 2015 grievance, the magistrate judge found that Plaintiff exhausted it through Step III, and Defendants conceded that the grievance exhausted Plaintiff's

grievance remedies regarding mental health services up to November 8, 2015, which included Plaintiff's claims against Defendant Brown. (*Id.* at PageID.378–79.). Finally, the magistrate judge found that Plaintiff's December 22, 2015, grievance was rejected by the grievance coordinator because it raised multiple issues, and Plaintiff did not pursue it through Step III. (*Id.* at PageID.379.)

Plaintiff has filed an Objection to the R & R, arguing that Defendants and the magistrate judge failed to address certain arguments Plaintiff made in his response, including that the magistrate judge should have concluded that the November 10, 2015, grievance also exhausted Plaintiff's claims against Defendant Ostrander because, like Defendant Brown, Defendant Ostrander provided mental health services to Plaintiff prior to the time Plaintiff filed that grievance. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

First, Plaintiff argues that the November 8, 2015, grievance also exhausted his claims against Defendant Ostrander, whom Plaintiff knew as "Mr. H.," because "Mr. H." was one of Plaintiff's "psycs" prior to the date of the grievance. (ECF No. 49 at PageID.383.) The magistrate judge noted that Defendants conceded that Plaintiff "'exhausted his grievance remedies regarding mental health services up to November 8, 2015,'" (ECF No. 48 at Page ID.380 (quoting Defs.' Br. at 7, ECF No. 35 at PageID.232)), and Plaintiff's claim against Defendant Brown is based on events that occurred before November 8, 2015. The same appears to be true with regard to Ostrander, or "Mr. H." (ECF No. 8 at PageID.42.) Therefore, the Court concludes that Plaintiff's November 8, 2015, grievance exhausted his claims against Defendant Ostrander.

Next, Plaintiff argues that he in fact attempted to appeal the December 22, 2015, grievance through Step III, but he was prevented from doing so. Plaintiff points out that in his response to Defendants' motion, he explained that following the denial of his Step I grievance and because he was in administrative segregation at the time, he sent kites to the grievance coordinator for a Step II appeal form but the grievance coordinator never provided the form. (ECF No. 49 at PageID.383.) Plaintiff stated in his response that he "sent numerous kites and waited and waited but never received my Step 2 appeal form, so I could not fully exhaust my remedies in the month of December, 2015, but I tried." (ECF No. 37 at PageID.282.) Defendants failed to respond to, let alone acknowledge, Plaintiff's explanation.[1] As noted in *Taylor v. Burt*, No. 1:16-CV-9, 2016 WL 4276284 (W.D. Mich. July 20, 2016), "[i]f prison officials refused Plaintiff's request for a grievance form . . . the grievance process was unavailable to Plaintiff and the claim(s) asserted in the subject grievance cannot be dismissed on failure to exhaust grounds." *Id.* at *5 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016)). Plaintiff's December 22, 2015, grievance therefore exhausted Plaintiff's claims against Defendants Haraburda, Hickey, Brown, Monestere, and Ostrander—the mental health providers Plaintiff had seen up to the date of the grievance. (ECF No. 37 at PageID.281.)

Next, Plaintiff argues that Defendants failed to address his assertion in his response that he wrote another grievance on February 10, 2016. In his response, Plaintiff explained that he attempted suicide on January 3, 2016, and was placed in an observation cell until approximately January 14, 2016. Plaintiff stated that after he got off observation, he sent a kite to the grievance coordinator so he could grieve issues pertaining to denial of mental health services by Defendants Perry and Kissinger during January 2016. (ECF No. 37 at PageID.283.) Plaintiff said that he submitted a Step I grievance but never received a response or a grievance identifier, which he needed to file a Step

---

[1] Plaintiff included substantially the same form of declaration under penalty of perjury specified in 28 U.S.C. § 1746 at the beginning of his response to Defendants' motion. (ECF No. 37 at PageID.279.) Although the language is at the beginning rather than following Plaintiff's responsive factual recitation, the Court deems the declaration valid. Thus, Defendants were obligated to respond with an affidavit or declaration disputing Plaintiff's allegations.

II appeal. Plaintiff kited the grievance coordinator for a Step II appeal form, but Plaintiff never received one. (*Id.* ("When I kited the grievance coordinator to respond to my grievance or send me a step 2 appeal form I never received any[,] making it impossible to exhaust all my remedies, but I kept trying.").) Again, Defendants failed to rebut Plaintiff's allegation. Thus, Defendants fail to show that Plaintiff failed to exhaust his available grievance remedies as to Defendants Perry and Kissinger.

Finally, Plaintiff admits that he did not file a grievance against Defendants Davids and Trierweiler regarding his transfer to a higher level security prison, but he argues that the MDOC's failure to follow its own policy excuses his failure to file a grievance. (ECF No. 49 at PageID.386.) However, Plaintiff cites no authority to support his argument that he was excused from even attempting to comply with his available grievance remedies, and the Court declines to rule that he was so excused.

Therefore,

**IT IS HEREBY ORDERED** that the February 26, 2018, Report and Recommendation (ECF No. 48) is **ADOPTED IN PART AND REJECTED IN PART**, and Plaintiff's Objection (ECF No. 49) is **GRANTED IN PART AND OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based Solely on Plaintiff's Failure to Exhaust (ECF No. 34) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to Plaintiff's claims against Defendants Davids and Trierweiler, which are **dismissed without prejudice**, and denied as to Plaintiff's claims against Defendants Ostrander, Brown, Perry, Kissinger Haraburda, Hickey, and Monestere.

Dated: June 27, 2018            /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE