UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADE BROWN # 884273,

        Plaintiff,

v.

                                      Case No.  1:16-CV-1117

JESSICA PERRY, et al.,

                                      HON. GORDON J. QUIST

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Ade Brown, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants—mental health care providers at the facility in which Plaintiff was housed during the relevant time—violated Plaintiff's rights under the Eighth Amendment because they were deliberately indifferent to Plaintiff's serious psychological needs.  Plaintiff filed a motion for summary judgment arguing that he is entitled to judgment as a matter of law because Defendants admitted that they evaluated Plaintiff on numerous occasions but denied his requests to be placed on outpatient mental health and for medications. (ECF No. 87.)  Defendants responded with their own motion for summary judgment, arguing that the evidence shows that they were not deliberately indifferent to Plaintiff's serious psychological needs and, additionally, they are entitled to Eleventh Amendment immunity and qualified immunity. (ECF No. 90.)

On August 29, 2019, Magistrate Judge Phillip Green issued a Report and Recommendation (R & R) (ECF No. 99), recommending that the Court: (1) dismiss Plaintiff's claims for damages in their official capacities because they are barred by Eleventh Amendment immunity; (2) deny

Plaintiff's motion for summary judgment; and (3) grant Defendants' motion for summary judgment. With regard to the merits, the magistrate judge, after summarizing the evidence concerning Plaintiff's mental health treatment, concluded that Plaintiff's Eighth Amendment claim fails because Plaintiff cannot establish the subjective component of such claim. The magistrate judge found that Plaintiff's "claims that defendants 'should have' provided him with 'different' mental health care are, at best, state-law malpractice claims." (*Id.* at PageID046.) The magistrate further concluded that Defendants are entitled to qualified immunity because Plaintiff cannot establish the first prong of the qualified immunity analysis. (*Id.*)

Plaintiff has filed lengthy Objections to the R & R, arguing that the magistrate judge erroneously concluded that Defendants are entitled to summary judgment. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff agrees with the magistrate judge's recommendation that Defendants are entitled to summary judgment on Plaintiff's claims against them in their official capacities for money damages. (ECF No. 101 at PageID.1055.) However, he maintains that he has offered sufficient evidence to allow his Eighth Amendment claims against Defendants to proceed. Plaintiff argues that, contrary to the magistrate judge's finding, his claim is not a disagreement with the mental health treatment he received because, he says, "they didn't treat me." (*Id.* at PageID.1060.) Plaintiff further argues that Defendants admit they "did not refer me for any treatment, I did not need treatment, and that their [sic] was nonething [sic] wrong with me." Plaintiff says that this "was all defendants' personal and professional opinion." (*Id.*)

In spite of Plaintiff's Objections, the Court concurs with the magistrate judge that Plaintiff's claim is essentially that Defendants did not provide Plaintiff the treatment he wanted. Contrary to Plaintiff's argument, Defendants did provide treatment by assessing his need for psychiatric treatment. Defendants' conclusions that Plaintiff did not exhibit symptoms warranting such treatment was a valid exercise of their medical/mental health judgment, which is beyond the bounds of the Eighth Amendment. While Plaintiff may disagree with the judgment exhibited and clearly desired other treatment, that is insufficient to demonstrate a violation of the Eighth Amendment. *See Thompson v. Mich. Dep't of Corrs.*, 25 F. App'x 357, 358 (6th Cir. 2002) (holding that a prisoner's disagreement with the medical treatment he received was insufficient to state a claim under the Eighth Amendment). Accordingly, Defendants are entitled to summary judgment.

Therefore,

**IT IS HEREBY ORDERED** that the July 30, 2019, Report and Recommendation (ECF No. 99) is **ADOPTED** as the Opinion of this Court. Plaintiff's Objections (ECF No. 101) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 90) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 87) is **DENIED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.


Dated: September 26, 2019 _____/s/ Gordon J. Quist_____
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE